HAMMOND, Plaintiff in error, vs. THE STATE, Defendant in error.

*September 18, 1926.*

*Abduction: Absence of deceit, fraud, or misrepresentation.*

A conviction under sec. 351.10, Stats., for enticing a female to leave her home and go to another place for the purpose of prostitution or for unlawful sexual intercourse, is reversed because of the absence of any evidence that the woman was enticed or induced to leave her home by any fraud, deceit, or false representation on the part of the defendant, an element required to constitute an offense under the statute.

ERROR to review a judgment of the circuit court for Grant county: S. E. SMALLEY, Circuit Judge. *Reversed.*

*Otto F. Christenson* of Lancaster, for plaintiff in error.

For the defendant in error there was a brief by the *Attorney General, J. E. Messerschmidt,* assistant attorney general, and *R. M. Orchard,* district attorney of Grant county, and oral argument by *Mr. Orchard* and *Mr. Messerschmidt.*

The following opinion was filed October 12, 1926:

OWEN, J. The plaintiff in error (hereinafter called the defendant) was convicted of a violation of sec. 351.10, Stats., which reads as follows:

"Any person who shall, by any such means as are mentioned in section 351.09, entice, abduct, induce, decoy, hire, engage, employ or take in any manner any female from her home or from any other place where she may be, for the purpose of prostitution or for unlawful sexual intercourse, and any person who shall knowingly or intentionally aid, abet, assist, advise or encourage the doing of any such act for the purpose aforesaid shall be punished by imprisonment in the state prison not more than five years nor less than one year."

Sec. 351.09 provides that:

"Any person who shall fraudulently, deceitfully or by any false representations entice, abduct, induce, decoy, hire,

engage, employ or take any woman over eighteen years of age and of previous chaste character from her father's house or from any other place where she may be for the purpose of prostitution or for unlawful sexual intercourse, and any person who shall knowingly or intentionally aid, abet, assist, advise or encourage any such act for the purpose aforesaid shall be punished," etc.

The judgment was reversed from the bench, and it is the purpose of this opinion to state the reasons which moved the court to such action. It will be noted that the offense consists in "fraudulently, deceitfully or by any false representations" enticing, abducting, etc., for the purpose of prostitution, or for unlawful sexual intercourse. The evidence in this case showed that the defendant and the complaining witness went from Boscobel to Bridgeport and there indulged in sexual intercourse. There is no question but that the offense of fornication was committed. The record, however, is utterly lacking in evidence showing, or remotely tending to show, that the defendant induced the female to go from Boscobel to Bridgeport, or, after having arrived at Bridgeport, to indulge in sexual intercourse by any fraud, deceit, or false representations. In fact, the evidence shows that the trip was arranged by another woman, who accompanied the defendant and such female, and, upon arriving at Bridgeport, met another man with whom she eloped. The defendant did not even ask such female to make the trip. The eloping woman first asked such female and then asked the defendant to go to Bridgeport with her. Upon arrival at Bridgeport such female readily consented to sexual intercourse and willingly repaired to a room in a hotel with the defendant. This all appeared from her own testimony. In the absence of any evidence to the effect that such female was enticed or induced from her home by any fraud, deceit, or false representations on the part of the defendant, no offense was proved under sec. 351.10, and this court, accordingly, reversed the judgment of conviction.